IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARTHUR SOBEY, | ) | |
| | ) | |
| Petitioner, | ) | 4:04cv3342 |
| | ) | |
| vs. | ) | PROGRESSION ORDER |
| | ) | (Habeas Corpus) |
| FRED BRITTEN, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for final briefing of this habeas corpus case initiated by the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") by the petitioner, Arthur Sobey. The petitioner challenges his conviction in the District Court of Madison County, Nebraska, after a jury trial, on a charge of first degree sexual assault, for which he was sentenced on November 16, 2000. See generally State v. Sobey, 2002 WL 171298 (Neb. App. Feb. 5, 2002) (No. A-00-1292), *review overruled*, (Neb. May 15, 2002) (direct appeal), and State v. Sobey, 2004 WL 190289 (Neb. App. Feb 3, 2004) (No. A-02-1035), *review overruled*, (Neb. Mar. 17, 2004) (postconviction). In his § 2254 petition, Mr. Sobey asserts the following claims:

**Claim No. 1:** The district court deprived the petitioner of a fair trial, due process and the right to counsel under the 5th, 6th, and 14th, Amendments to the U.S. Constitution by a failure to make meaningful inquiry into his reasons for dissatisfaction with court-appointed counsel and grounds for trial counsel's motion to withdraw, thereby forcing the petitioner to proceed to trial without counsel.

**Claim No. 2:** The petitioner's rights to a fair trial, due process, and the right to counsel under the 5th, 6th, and 14th Amendments to the U.S. Constitution were denied, resulting in structural error, where the trial court failed to ensure a knowing, voluntary, and intelligent waiver of counsel at trial.

**Claim No. 3:** The district court deprived the petitioner of a fair trial and due process, in violation of the 5th, 6th, and 14th Amendments to the U.S. Constitution, when the court denied the petitioner's motion to continue the trial.

1

**Claim No. 4:** The petitioner's rights to a fair trial, due process, and effective assistance of counsel were denied, in violation of the 5th, 6th, and 14th Amendments to the U.S. Constitution, when court-appointed counsel failed to provide case-related defense files to the petitioner after being allowed to withdraw from the case, thereby allowing the petitioner to proceed to trial without counsel.

**Claim No. 5:** The petitioner's rights to a fair trial and due process under the 5th, 6th, and 14th Amendments to the U.S. Constitution were denied when the State failed to provide exculpatory evidence to the petitioner prior to trial.

**Claim No. 6:** The confusion created by the appointment of standby counsel deprived the petitioner of his rights to a fair trial, due process, and effective assistance of counsel, in violation of the 5th, 6th, and 14th Amendments to the U.S. Constitution.

**Claim No. 7:** The petitioner's rights to a fair trial and due process were denied, in violation of the 5th, 6th, and 14th Amendments to the U.S. Constitution, when the trial court failed to grant the petitioner's motion for discovery.

**Claim No. 8:** The petitioner's rights under the 5th, 6th, and 14th Amendments to the U.S. Constitution, were denied where there was insufficient evidence to sustain the petitioner's conviction, and he is actually innocent.

**Claim No. 9:** The petitioner's rights to a fair trial, due process, and effective assistance of counsel were denied, in violation of the 5th, 6th, and 14th Amendments to the U.S. Constitution, by ineffective assistance of counsel at critical pretrial stages.

**Claim No. 10:** The petitioner's rights to a fair trial, due process, and effective assistance of counsel were denied, in violation of the 5th, 6th, and 14th Amendments to the U.S. Constitution, when court-appointed counsel failed to have the petitioner evaluated for a stroke suffered six weeks before trial and failed to advise the court properly when the petitioner suffered a second stroke during trial. Also, the court, when advised that the petitioner was suffering "stroke-like symptoms," failed to secure medical treatment or hold a competency hearing.

**Claim No. 11:** The petitioner's rights to counsel and due process were denied, in violation of the 5th, 6th, and 14th Amendments to the U.S. Constitution, by ineffective assistance of counsel on direct appeal.

**Claim No. 12:** The trial court violated the petitioner's rights to a fair trial, confrontation, and due process under the 5th, 6th, and 14th Amendments to the U.S. Constitution, by allowing the State to endorse an additional witness on the day of trial.

**Claim No. 13:** The trial court violated the petitioner's rights to a fair trial and due process under the 5th, 6th, and 14th Amendments to the U.S. Constitution, by failing to grant completely the petitioner's motion for disclosure of a key witness for the state (Marla Mazoch).

**Claim No. 14:** The petitioner did not receive fair appellate review or due process, in violation of his 6th and 14th Amendment rights, when the Nebraska appellate courts misunderstood the meaning and proper use of the word "aspersion."

**Claim No. 15:** The petitioner did not receive fair appellate review or due process, in violation of his 6th and 14th Amendment rights, when the Nebraska appellate courts misstated the order of events in the hearing in which petitioner's trial counsel was permitted to withdraw, and the petitioner was allowed to proceed to trial pro se.

**Claim No. 16:** Postconviction

**Claim No. 17:** The petitioner's rights to a fair trial/sentencing, due process and the assistance of counsel under the 5th, 6th, and 14th Amendments to the U.S. Constitution, were denied by the use of improper bad acts for enhancing the petitioner's sentence.

**Claim No. 18:** The petitioner's rights to a fair trial, due process, and effective assistance of counsel were denied, in violation of the 5th, 6th, and 14th Amendments to the U.S. Constitution, were denied by the sheer mass of errors by the courts and counsel throughout the trial, sentencing, appellate and postconviction proceedings.

## Postconviction Claims

The petitioner's **Claim No. 16** and that part of **Claim No. 18** related to postconviction review are not cognizable in a federal habeas corpus proceeding. 28 U.S.C. § 2254(i) states: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." See also Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) (because there is no constitutional right to an attorney in state postconviction proceedings, a

3

petitioner may not base a federal habeas corpus claim on a deprivation of effective assistance of counsel in state postconviction proceedings). Similarly, other errors during state postconviction review are not cognizable in a federal habeas corpus proceeding. See, e.g., Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997) (*citing* Jolly v. Gammon, 28 F.3d 51 (8th Cir.), cert. denied, 513 U.S. 983 (1994), *quoting* Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.1990): "[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."); Smith v. Lockhart, 882 F.2d 331, 334 (8th Cir.1989), cert. denied, 493 U.S. 1028 (1990) (failure by state post-conviction court to hold a hearing and provide written findings are not cognizable in federal habeas corpus action).

Thus, relief under § 2254 is available for violations of federal law leading to a criminal conviction in state court or on direct appeal, but not for violations which occur on collateral review. See Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir.), cert. denied, 527 U.S. 1056 (1999) (claim of denial of due process in state post-conviction court provided no grounds for federal habeas relief); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) (errors and irregularities in state postconviction proceedings are not cognizable on federal habeas review); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir.), cert. denied 525 U.S. 1024 (1998) (insofar as an alleged constitutional error relates to the state's postconviction remedy rather than to the judgment of conviction, the alleged error states no cognizable federal habeas claim); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997), cert. denied, 525 U.S. 903 (1998) ("errors concerning [state postconviction] process are not cognizable in federal habeas proceedings"); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993) (challenge to state "post-conviction procedures on their face and as applied to [petitioner] would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"); Bryant v. Maryland, 848 F.2d 492, 492 (4th Cir. 1988) ("claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief").

Therefore, the petitioner's **Claim No. 16** and that part of **Claim No. 18** related to postconviction review are dismissed on the court's own motion. **Claim No. 18** will be limited to the alleged cumulative errors during trial, sentencing and appellate proceedings.

**Procedural Default**

In O'Sullivan v. Boerckel, 526 U.S. 838 (1999), the U.S. Supreme Court explained the habeas exhaustion requirement as follows: "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing for federal habeas relief. Id. at 845. Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. Id. at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005).

If a habeas claim has not been presented on the merits all the way through the state's appellate review process and is now barred from such presentation, the claim is "procedurally defaulted," not unexhausted, Akins v. Kenney, 410 F.3d at 456 n.1, or procedural default can occur when a petitioner fails to follow a state procedural rule for a claim and thereby forfeits the claim. The inability to obtain a state-court ruling on a claim because of a procedural default renders that claim "exhausted" for federal habeas corpus purposes, but the procedural default bars federal habeas review unless the petitioner can show cause for and prejudice from the procedural failure, so as to "excuse" the procedural default. Taylor v. Bowersox, 329 F.3d 963, 971 (8th Cir. 2003), cert. denied, 541 U.S. 947 (2004).

The respondent alleges in his Answer that many of the petitioner's claims are barred by procedural default from consideration on the merits by this court. Therefore, the petitioner shall have an opportunity to argue that his claims are not procedurally defaulted, or, if defaulted, to show that cause and prejudice excuse any such procedural default.

**Cause and Prejudice to Excuse Procedural Default**

Although the U.S. Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default, [the Court has] acknowledged that in

certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice .... Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, a federal habeas court is barred from considering an ineffective-assistance-of-counsel claim as "cause" for the procedural default of another claim when the ineffective-assistance claim has itself been inexcusably procedurally defaulted. Id.

Other than ineffective assistance of counsel, "cause" to excuse a procedural default must be based on an objective impediment external to the defense. See, e.g., Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999): "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials,' ... made compliance impracticable, would constitute cause under this standard."

### Deferential Standard for Review on the Merits

Claims which have been considered on the merits by the Nebraska appellate courts are subject to federal habeas review under the deferential standard required by 28 U.S.C. § 2254(d). The Eighth Circuit Court of Appeals has commented that 28 U.S.C. § 2254(d) leaves a federal habeas court only a "very narrow" scope of review of state-court determinations. Blackwell v. Graves, 349 F.3d 529, 532 (8th Cir. 2003).

28 U.S.C. § 2254(d) states:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination

of the facts in light of the evidence presented in the State court proceeding.

As for 28 U.S.C. § 2254(d)(1), "[t]he Supreme Court has explained the independent meanings of the 'contrary to' and 'unreasonable application' clauses .... A state court decision is 'contrary to' the Supreme Court's clearly established precedent if the state court either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts.'... A state court decision is an 'unreasonable application' of Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'... 'A federal court may not issue the writ simply because it "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."'" Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006) (citations omitted).

28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the Supreme Court, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 324 (2003).

Therefore, as to the claims in this case which were presented on the merits to the Nebraska appellate courts, the issue in this court is whether the Nebraska courts, in adjudicating the merits of each claim, (1) produced a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

7

the Supreme Court of the United States, or (2) based its decision on an unreasonable factual determination in light of the evidence.

      IT IS THEREFORE ORDERED:

      1.    That the petitioner's **Claim No. 16** and that part of **Claim No. 18** related to postconviction review are dismissed; **Claim No. 18** will be limited to the alleged cumulative errors during trial, sentencing and appellate proceedings, without regard to errors, if any, on postconviction review;

      2.    That by May 31, 2006, each party shall file a brief on the issues discussed above and any other matters that party may wish to address;

      3.    That by July 28, 2006, each party shall file a brief in response to the other party's brief; and

      4.    That unless the court orders an evidentiary hearing, expansion of the record, or additional briefs, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the state court records and the briefs.

      April 12, 2006.              BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        United States District Judge