IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARTHUR SOBEY, | ) | 4:04CV3342 |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| FRED BRITTEN, | ) | |
| | ) | |
| Respondent. | ) | |

Arthur Sobey, who is currently incarcerated at the Tecumseh State Correctional Institution for committing first degree sexual assault, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging eighteen grounds for relief. (Filing 1, ¶¶ 22(A)-(R).) The respondent alleges in his answer that, with the exception of one portion of the petitioner's eleventh habeas claim alleging ineffective assistance of counsel on appeal (¶ 22(K)), all claims are procedurally defaulted. The one issue that the respondent admits is properly before this court is whether Sobey's appellate counsel was ineffective in failing to assign as error that the trial court allowed Sobey's court-appointed trial counsel to withdraw, and Sobey to represent himself at trial, without making an adequate inquiry into the reasons for the withdrawal request. As previously directed, relevant state court records have been deposited with the court and the parties have fully briefed all claims (for procedural default and on the merits).

### *Procedural History*

Sobey was charged by separate informations filed in the District Court of Madison County, Nebraska, in March and April 2000, with one count of first degree

sexual assault (against his 8-year old stepdaughter, M.N.) and one count of sexual assault of a child (his 14-year old stepdaughter, S.N.). The Madison County Public Defender, Harry Moore, was appointed to represent Sobey in both cases. The cases were joined for a time, but were separated after the district court ruled at the conclusion of a hearing on September 12, 2000, that evidence of prior sexual assaults by Sobey on five former stepdaughters (during four former marriages) would be relevant to prove motive and intent in the case charging him with sexual assault of a child, but would not be admissible in the first degree sexual assault case. Trial of the case charging Sobey with sexual assault of a child began the next day, and the jury returned a guilty verdict on September 14, 2000 (which was later overturned).[1]

On September 19, 2000, one week before the trial of the first degree sexual assault case was scheduled to begin, the Madison County Public Defender asked leave to withdraw as Sobey's counsel in that case only. Mr. Moore advised the court that he was making the request because Sobey wanted to represent himself at trial. He stated:

> Your Honor, following the jury's verdict in the other case, which was on Thursday, September 14th, I met with Mr. Sobey that evening, in the afternoon, I guess. And met with him again yesterday. Mr. Sobey indicated to me that he was dissatisfied with my performance in the first trial, and is unhappy with different things we discussed about the upcoming trial, as far as strategy, and different things he thinks are appropriate that he wants to do in the trial.

---

[1] Sobey, with the assistance of retained counsel, appealed the conviction and obtained a reversal based on the trial court's admission of testimony by Sobey's wife regarding a hearsay statement of the victim's younger sister, M.N., and regarding her opinion of the truthfulness of the charges after hearing that statement. See State v. Sobey, No. A-00-1293, 2002 WL 1713208 (Neb.App. Feb. 5, 2002). The Nebraska Court of Appeals also expressed "shock" at the amount of hearsay that was contained in the record, much of which was not objected to by defense counsel. See id. at *10.

2

Mr. Sobey indicated to me yesterday, in my conversation with him on September 18th, that he wants to represent himself in CR00-52, the upcoming trial. I explained to him yesterday what the requirements were for representing himself, and I added to that today the indication that the Court would hold him to the standard expected of a practicing lawyer, even though he's not a lawyer. That the court would not assist him, other than to tell him when he was incorrect or making a mistake during the upcoming trial. Mr. Sobey, I believe, is firm on his position. I brought him to court this morning for him to indicate to the court what his desires are. I went over yesterday what the proceedings are in this matter.

At this time, pursuant to my client's request, I ask to withdraw from representing him on case CR00-52.

(Bill of Exceptions in Case No. CR00-52, Vol. II, at 192:12-193:11.)

The court asked Sobey whether it was his request that the public defender be allowed to withdraw, and Sobey replied, "Yes, sir, it is." (Id., at 193:23.) During the ensuing colloquy, however, Sobey stated that he would not be ready for trial in one week and he requested a continuance until the next regular trial term. As justification for the continuance he stated:

There are a number of issues that were not addressed properly, in my opinion, and I simply want a chance to go back and address them. I am somewhat restricted by the fact that I am currently in jail and not able to do very much work on my own, and I would be asking the court to appoint somebody to help me do the kinds of things that I could do were I not in jail. . . .

. . .

[O]ne of the reasons I need the delay is to gather some out-of-state material, which is not readily available here, in order to prepare some motions for you to consider, which I have not entirely worked out. I have not had access to a law book yet.

3

There are a number of serious and substantial issues. This is not a frivolous thing on my part. I do not believe that I have been properly represented in a couple of areas, although Mr. Moore has worked very hard and very diligently, and I cast no aspersions on anything Mr. Moore has done on my behalf.

A small delay would allow me to gather evidence from a previous trial in which this woman and her child accused her last husband of exactly the same thing I have been accused of. I don't believe Nebraska rape shield law intends to allow people to hide from prior criminal conduct or ongoing criminal conduct. And I simply want a chance to research that for myself.

(Id., at 196:12-19; 198:1-18.)

The prosecutor interjected at this point that the evidence Sobey mentioned was the subject of a motion in limine that the State had filed in the other case, and that "[t]he parties agree[d] that the rape shield law did apply" to exclude such evidence. (Id., at 198:20-23.) He stated that a similar motion would be filed for the upcoming trial, and Sobey replied: "That is exactly the issue to which I need time to respond." (Id., at 198:23-199:6.) The court denied the request for a continuance. Sobey then asked: "Will the court be able to give me any assistance in gathering evidence to oppose this?" (Id., at 199:7-14.) The court told him "No," and added:

I will not be able to assist you in any way. I am not your attorney. I won't act as you attorney. I think you are making a very grave mistake, but that's your mistake to make, and it's your call. Do you wish to represent yourself?

(Id., at 199:15-22.) Sobey simply responded: "Oh, yes, sir. I am going to represent myself." (Id., at 199:23-24.)   Mr. Moore was then granted leave to withdraw.

At the prosecutor's suggestion, the court next asked Sobey if he "wish[ed] to have an attorney to consult with." (Id., at 200:2-5.) Sobey replied:

4

> If there is an attorney in the community with experience in this area who would work on a pro bono basis on this case, I would gladly accept their assistance. They would need experience specifically in the area we have talked about, and also the area of prosecutorial misconduct. We need those issues addressed. If there's an experienced attorney, I would welcome that.

(Id., at 200:6-13.)  The court ended the matter by telling Sobey:

> You have chosen to represent yourself, and that's the posture this case will remain in. I am not allowing you to attorney shop by firing the public defender.

(Id., at 200:14-17.)

The public defender next advised the court that a deposition was scheduled to be taken later that day of an out-of-state doctor who would not be available for trial, and indicated that he thought he should attend because the doctor's testimony would be "somewhat exculpatory" and might be useful at sentencing in the other case, in which he was still representing Sobey. The court then asked Sobey: "Do you want Mr. Moore to continue as your attorney for sentencing purposes in the case you were convicted in last week?" (Id., at 200:23-201:17.)  Sobey replied:

> Not if it includes the deposition he just referenced. I made my wishes clear to Mr. Moore yesterday. I have been burned in one deposition already, I do not want – I want that doctor to testify in the courtroom. I do not want a deposition. And if he – if that's required of him to continue to represent me in the other case, then I would ask he withdraw from that one, too. Otherwise, the other case is over and done with. And Mr. Moore is certainly a competent attorney. I have made it clear I cast no aspersions on him in that area. And I would be glad to have him continue to represent me through the sentencing phase and the appeal phase on the first case.

(Id., at 201:18-202:5.)  The deposition was not taken, and Mr. Moore continued on as Sobey's attorney in the first-tried case.

The jury trial of the first degree sexual assault case was held as scheduled, between September 26 and 28, 2000, with Sobey representing himself.  Mr. Moore appeared at trial as standby counsel, however, and was re-appointed to represent Sobey at sentencing.  Sobey subsequently appealed his conviction and sentence using retained counsel.

On appeal, it was claimed "that the trial court erred in (1) overruling Sobey's motion to continue commencement of the jury trial, (2) not completely granting a motion for disclosure for [witness Marla] Mazoch and overruling Sobey's motion for discovery, (3) allowing the State to endorse an expert witness on the day of the trial, (4) making several evidentiary rulings during the trial which resulted in unfair prejudice to Sobey, (5) improperly limiting Sobey's impeachment of a witness, and (6) considering prior bad acts testimony for purposes of sentencing."  State v. Sobey ("Sobey I"), No. A-00-1292, 2002 WL 171298, *4 (Neb.App. Feb. 5, 2002).  The Nebraska Court of Appeals affirmed Sobey's conviction and sentence, and, on May 15, 2002, the Nebraska Supreme Court denied Sobey's petition for further review.

On August 8, 2002, Sobey filed a pro se motion for post-conviction relief in the District Court of Madison County, which was denied without an evidentiary hearing. Sobey appealed the ruling, and new counsel was appointed to represent him before the Nebraska Court of Appeals.  It was there argued (1) "that the district court erred by denying an evidentiary hearing and by denying [Sobey's] request for court-appointed counsel[,]" (2) "that [Sobey] received ineffective assistance of appellate counsel when his appellate counsel failed to assign as error the issue of the adequacy of the trial court's inquiry into Sobey's reasons for requesting the withdrawal of the public defender[,]" and (3) "that it was error for [the Court of Appeals], on Sobey's direct appeal, to fail to find plain error in the trial court's failure

to inquire into Sobey's reasons for wanting the public defender to withdraw." State v. Sobey ("Sobey II"), No. A-02-1035, 2004 WL 190289, *2 (Neb.App. Feb. 3, 2004). The Court of Appeals rejected each assignment of error, and, on March 17, 2004, the Nebraska Supreme Court denied further review.

### Claim 1

Sobey first claims in his petition for writ of habeas corpus that his "rights to a fair trial, due process and right to counsel under the 5th, 6th and 14th Amendments to the United States Constitution were denied[,] resulting in structural error[,] where the trial court failed to make any meaningful inquiry into the factual basis of Sobey's dissatisfaction with court-appointed counsel and [the] grounds for trial counsel's motion to withdraw[,] resulting in Sobey being forced to proceed to trial without counsel." (Filing 1, ¶ 22(A).) This claim is procedurally defaulted.

The issue of whether the trial court made an adequate factual inquiry before permitting the public defender to withdraw as Sobey's attorney was not raised on direct appeal, but, to some extent, was addressed by the trial court when considering Sobey's motion for postconviction relief.[2] The claim was presented on non-constitutional grounds in a brief that Sobey's court-appointed counsel filed in the Nebraska Court of Appeals on appeal from the denial of postconviction relief,[3]

---

[2] That court stated that "the reasons for Sobey's dissatisfaction . . . were ascertained . . . through the statement of defendant's counsel at the time withdrawal was sought . . . [and] in the [court's] colloquy with the defendant[.]" (Order entered September 4, 2002, denying Sobey's request for court-appointed counsel and for an evidentiary hearing, found at pp. 151-52 of appeal transcript in A-02-1035.)

[3] Sobey's brief assigned as error that "[t]he District Court abused its discretion in finding that there was a sufficient inquiry into the reason for the defendant's request for court-appointed counsel to withdraw and the defendant's dissatisfaction with trial counsel." (Appellant's brief in A-02-1035, p. 3.)

7

but was reformulated into a 6th and 14th Amendment claim in a supplemental brief filed by substitute counsel.[4]

The Nebraska Court of Appeals considered this claim in conjunction with Sobey's argument that the trial court erred by not granting his request for an evidentiary hearing on his motion for postconviction relief. The Court of Appeals ultimately concluded that the claim was procedurally barred because it had not been raised on direct appeal. It stated:

> Sobey contends, both in his motion for post-conviction relief and in his brief, that the trial court failed to inquire into the basis of his request for the withdrawal of the public defender, depriving him of his rights to a fair trial, due process of law, and effective assistance of counsel.
>
> It is arguable whether the trial court indeed failed to inquire into the basis of Sobey's request to have the public defender withdraw. The record indicates that there was some colloquy among the trial judge, the public defender, and Sobey regarding Sobey's request. The public defender explained the reasons to the trial judge, noting that Sobey "was dissatisfied with my performance in the first trial, and is unhappy with different things we discussed about the upcoming trial, as far as strategy, and different things that he thinks are appropriate that he wants to do in the trial."
>
> When asked if he wished to have the public defender withdraw, Sobey replied in the affirmative without further comment. Later in the

---

[4] Sobey's supplemental brief assigned as error that "the district court erred in failing to grant a new trial on Sobey's claim of denial of his right to counsel because of the failure of the trial court to make any inquiry into the grounds for trial counsel's motion to withdraw which violated Sobey's right to due process and his right to counsel under the 6th and 14th Amendments to the United States Constitution and Article I sections 3 and 11 of the Nebraska Constitution." (Appellant's supplemental brief in A-02-1035, p. 2.)

exchange, Sobey does seemingly explain his desire to have the public defender withdraw:

> There are a number of serious and substantial issues. This is not a frivolous thing on my part. I do not believe that I have been properly represented in a couple of areas, although [the public defender] has worked very hard and very diligently, and I cast no aspersions on anything [the public defender] has done on my behalf.

Therefore, while the trial court did not expressly inquire into Sobey's desire to have the public defender withdraw, it is arguable that Sobey did in fact express his reasons.

Additionally, the public defender, Sobey's court-appointed counsel, who also served as standby counsel at his trial for the second charge, was different from his appellate counsel. In such a situation, the Nebraska Supreme Court has stated that "a motion for post-conviction relief asserting ineffective assistance of trial counsel is procedurally barred where a different attorney represented a defendant on direct appeal and the alleged deficiencies in the performance of trial counsel were known or apparent from the record." State v. Al-Zubaidy, 263 Neb. 595, 603-04, 641 N.W.2d 362, 371 (2002). Sobey could have asserted on direct appeal the trial court's failure to question him about his desire to have the public defender withdraw, but this issue was not raised. As a result, this issue was not properly preserved for appellate review, and Sobey is procedurally barred from asserting it here.

Sobey II, 2004 WL 190289 at *3-4.

"Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." Moore-El v. Luebbers, 446 F.3d 890, 896 (8th Cir. 2006). See also Bell v. Attorney General, 474 F.3d 558, 560 (8th Cir. 2007) ("Federal habeas review of a state court decision is not available if the decision of that court rests on a state law ground that is independent

9

of the federal question and adequate to support the judgment, regardless of whether the state law ground is substantive or procedural.") (internal quotations omitted).  It is well-established under Nebraska law that "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal."  State v. Lotter, 664 N.W.2d 892, 922 (Neb. 2003). The Nebraska Court of Appeals found that Sobey inexcusably failed to raise on direct appeal the issue of the trial court's failure to question him about his desire to have the public defender withdraw.  Absent a showing of "cause and prejudice" (such as ineffective assistance of counsel) or "miscarriage of justice" (such as actual innocence), this clear finding of a state procedural bar prevents Sobey from raising the issue in a federal habeas corpus proceeding.[5]  See Cagle v. Norris, 474 F.3d 1090, 1099 (8th Cir. 2007).

### Claim 2

Second, Sobey claims that his "rights to a fair trial, due process and right to counsel under the 5th, 6th and 14th Amendments to the United States Constitution were denied[,] resulting in structural error[,] where the trial court failed to insure a knowing, voluntary and intelligent waiver of counsel at trial."  (Filing 1, ¶ 22(B).) This claim, which is closely related to the first claim,[6] is also procedurally defaulted.

---

[5] Sobey's eleventh claim asserts that his appellate counsel was ineffective in failing to raise this issue on direct appeal.  Sobey's sixth claim includes an allegation of actual innocence.  Whether these claims of ineffective assistance of appellate counsel and actual innocence can excuse the procedural default on claim 1, or other procedurally defaulted claims, will be discussed later in this opinion.

[6] Claim 2 concerns the requirement that an accused, in order to represent himself, must "knowingly and intelligently" waive his right to counsel.  See Faretta v. California, 422 U.S. 806, 835 (1975).  Claim 1, on the other hand, concerns the trial court's "obligation to inquire thoroughly into the factual basis of the defendant's dissatisfaction" with appointed counsel in determining whether substitute counsel should be appointed.  See United States v. Hart, 557 F.2d 162, 163 (8th Cir. 1977).

The Nebraska Court of Appeals found that most of the claims raised in Sobey's motion for postconviction relief, including this one, were procedurally barred:

> Sobey asserts numerous other grounds upon which he believes his motion for post-conviction relief should be granted. Sobey contends that there was insufficient evidence with which to support his conviction for first degree sexual assault on a child; that the State failed to prove the corpus delicti of the crime beyond a reasonable doubt; that the State failed to turn over exculpatory evidence to Sobey; that the trial court failed to immediately appoint standby counsel and also failed to define standby counsel's role once appointed; that the public defender was ineffective during pretrial matters and during the trial while acting as standby counsel; that the public defender failed to turn over pertinent case files upon being given leave to withdraw; that the trial court failed to grant Sobey's timely and reasonable request for a continuance; that the trial court failed to ensure a knowing, intelligent, and voluntary waiver of Sobey's right to assistance of counsel; and that the public defender and the State intentionally deceived the trial court regarding the issues of discovery and Sobey's waiver of his right to a preliminary hearing.

> It is well settled that "a motion for post-conviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased." State v. Williams, 259 Neb. 234, 238, 609 N.W.2d 313, 317 (2000). The Nebraska Supreme Court explained the rationale for this rule, stating that "[t]he need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." Hall v. State, 264 Neb. 151, 159, 646 N.W.2d 572, 579 (2002). Sobey either raised or could have raised each of these claims on direct appeal. Therefore, each of these claims is procedurally barred.

Sobey II, 2004 WL 190289 at *4 (emphasis supplied). Sobey's decision to represent himself at trial was not an issue on direct appeal. Consequently, it is procedurally defaulted.

11

*Claim 3*

Third, Sobey claims that his "rights to a fair trial and due process under the 5th, 6th and 14th amendments to the United States Constitution were denied when the court failed to grant [his] motion for continuance of the trial."  (Filing 1, ¶ 22(C).)  This claim, which concerns an oral request Sobey made during the hearing on the motion for withdrawal of court-appointed counsel, is also procedurally defaulted.

This issue of the trial court's refusal to grant a continuance while permitting Sobey's attorney to withdraw was raised on direct appeal only as a question of state law, with the Nebraska Court of Appeals holding that "[t]he trial court did not abuse its discretion in denying this continuance."  Sobey I, 2002 WL 171298 at *7.  A claim is procedurally defaulted if not fairly presented in state court before raising it in federal court.  Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir.), cert. denied, 126 S.Ct. 93 (2005).  To be fairly presented "a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.  Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement."  Id. (quoting Barrett v. Acevedo, 169 F.3d 1155, 1161-62 (8th Cir. 1999).

Sobey did not make a constitutional claim, but relied solely upon a recent Nebraska Supreme Court decision applying an abuse of discretion standard.  Thus, the current claim was not fairly presented on direct appeal.   See, e.g., Morris v. Norris, 83 F.3d 268, 270 (8th Cir. 1996) (federal habeas petitioner's due process claim was not fairly presented to state court where his brief on direct appeal argued only an abuse of discretion under state law and did not refer to the federal Constitution or cite a federal case).

12

Sobey alleged in his motion for postconviction relief that his constitutional rights were violated when the trial court failed to grant the continuance, and the claim was preserved on appeal.  The Nebraska Court of Appeals ruled that the claim was procedurally barred.  See Sobey II, 2004 WL 190289 at *4.  Because this ruling was based on independent and adequate state grounds, habeas review is precluded.  See Cagle, 474 F.3d at 1098 (citing Coleman v. Thompson, 501 U.S. 722 (1991), and Harris v. Reed, 489 U.S. 255 (1989)).

### *Claim 4*

Sobey next claims that his "rights to a fair trial, due process and the effective assistance of counsel under the 5th, 6th and 14th Amendments to the United States Constitution were denied where court-appointed counsel failed to provide case-related defense files to Sobey after being allowed to withdraw from the case where the court let Sobey proceed to trial without counsel."  (Filing 1, ¶ 22(D).) Again, this claim is procedurally defaulted because it was not raised on direct appeal and the Nebraska Court of Appeals determined that postconviction relief was procedurally barred.  See Sobey II, 2004 WL 190289 at *4.

In the table of contents to Sobey's brief, this fourth claim is described as "abandoned," and in the body of the brief "Sobey admits to not assigning ineffective assistance of appellate counsel to this claim" as a ground for postconviction relief in the state courts. (Filing 26, CM/ECF pp. 1, 40; see also Filing 1, ¶ 13(F) (summarizing claim as presented in motion for postconviction relief).)  In other words, Sobey effectively concedes that his fourth claim is procedurally defaulted even though he alleges as part of his eleventh claim that his appellate counsel neglected to assign as error "[t]he failure of outgoing court-appointed defense counsel, Harry Moore, to turn over the case files and evidence related to his extensive travels and investigations during the pre-trial phase of Sobey's case."  (Filing 1, CM/ECF p. 37.)  I agree with this assessment of the case. See Frasier v. Maschner,

304 F.3d 815, 817 (8th Cir. 2002) (ineffectiveness of appellate counsel may not be asserted as cause to excuse procedural default unless the petitioner has first presented this argument as an independent claim to the state courts, if a forum existed to make the argument).

### *Claim 5*

Fifth, Sobey claims that his "rights under the 5th, 6th and 14th Amendments to the United States Constitution were denied when the state failed to provide exculpatory evidence to Sobey prior to trial." (Filing 1, ¶ 22(E).) This claim, like claim 4, is procedurally defaulted.

No claim involving undisclosed <u>Brady</u>[7] materials was raised on direct appeal by Sobey, and on his subsequent appeal from the denial of postconviction relief the Nebraska Court of Appeals ruled that a claim asserting "that the State failed to turn over exculpatory evidence to Sobey" was procedurally barred. <u>See</u> <u>Sobey II</u>, 2004 WL 190289 at *4. Thus, absent a showing of cause and prejudice, the fifth claim cannot be considered as a possible ground for granting Sobey federal habeas relief.

This claim is also designated as "abandoned" in the table of contents to Sobey's brief, but it is argued that "[t]he fact Sobey must drop this claim, simply because of a failure to assign appellate counsel error is an extreme injustice." (Filing 26, CM/ECF pp. 1, 40.) This is another concession (albeit a grudging one) that because Sobey failed to allege ineffective assistance of appellate counsel regarding this issue in his motion for postconviction relief (<u>see</u> Filing 1, ¶ 13(B) (summarizing claim that was presented to state courts)), his habeas claim cannot be considered.[8]

---

[7] <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

[8] Sobey alleges as part of his eleventh claim that his appellate counsel neglected to assign as error "[t]he failure of the state to turn over exculpatory

### *Claim 6*

Sixth, Sobey claims that his "rights to a fair trial, due process and the effective assistance of counsel under the 5th, 6th and 14th Amendments to the United States Constitution were denied by the confusion created by the court regarding the appointment of standby counsel." (Filing 1, ¶ 22(F).)  This claim, which Sobey once again calls "abandoned" (Filing 26, CM/ECF p. 1),[9] is procedurally defaulted for the same reasons as the preceding claims.  Sobey's direct appeal did not include an assignment of error concerning the appointment of standby counsel, and on his second appeal the Nebraska Court of Appeals refused to consider a claim "that the public defender was ineffective . . . during the trial while acting as standby counsel." See Sobey II, 2004 WL 190289 at *4.

### *Claim 7*

Sobey next claims that his "rights to a fair trial and due process under the 5th, 6th and 14th Amendments to the United States Constitution were denied when the trial court failed to grant [his] motion for discovery." (Filing 1, ¶ 22(G).)  More particularly, he alleges that the discovery motion was made immediately before trial; that it was based on an oral agreement that, in exchange for Sobey waiving his right to a preliminary hearing, the prosecutor would provide investigative reports and evidence "on a real time basis"; that the prosecutor falsely represented to the court

---

evidence; Brady material, both requested and unrequested, and the state's concerted efforts to hide this Brady material." (Filing 1, CM/ECF p. 37.)

[9] By way of explanation, Sobey states that he "knows now that he has no constitutional right to standby counsel" and that he "doubts the circumstances of the court offering, and then denying standby counsel, and confusing the trial proceedings in the process if a very substantial claim [with] reference [to] a fair trial." (Filing 26, CM/ECF p. 40.)

that discovery documents were made available to the public defender; and that the public defender lied about having reviewed these materials with Sobey.

The denial of Sobey's discovery motion was assigned as error on his direct appeal, but it was not identified as a constitutional claim; neither was it construed as such by the Nebraska Court of Appeals. On the second appeal, the Nebraska Court of Appeals ruled that a procedural bar prevented consideration of Sobey's claim that "the public defender and the State intentionally deceived the trial court regarding the issues of discovery and Sobey's waiver of his right to a preliminary hearing." See Sobey II, 2004 WL 190289 at *4. For the same reason as the third claim, this claim is procedurally defaulted.

### Claim 8

Sobey's eighth habeas claim is that his "rights under the 5th, 6th and 14th Amendments to the United States Constitution were denied where there was insufficient evidence to sustain the conviction against him and where Sobey is actually innocent of the charges against him." (Filing 1, ¶ 22(H).) This is another claim that is designated as "abandoned" in the table of contents of Sobey's brief. (Filing 26, CM/ECF p. 1.) In the body of the brief, however, it is stated that:

> Sobey doesn't think he can prevail on this claim despite the lack of evidence that he raped the "victim". The standard is just too high to overcome. The real reason Sobey raised this issue to start with was to accentuate the withholding of Brady material by the state, and the enormous impact that game of cat-and-mouse had on the trial. Sobey did raise this as ineffective appellate counsel error, and should have received some ruling in state court. Also, Sobey failed to ask for a directed verdict at trial. This issue is likely dead, and Sobey will not

16

waste precious space reiterating the arguments from his postconviction motion and the petition before this court.[10]

(Filing 26, CM/ECF p. 42.)

Sobey did not argue on direct appeal that there was insufficient evidence to support his conviction. The argument was made in the second appeal, however, and was held to be barred as a matter of state procedure. See Sobey II, 2004 WL 190289 at *4. Thus, this eighth habeas claim is procedurally defaulted insofar as Sobey alleges insufficient evidence. Whether Sobey can claim that appellate counsel was ineffective in failing to make the insufficient evidence argument on direct appeal will be analyzed in connection with Sobey's eleventh habeas claim.

In this eighth claim, Sobey also alleges "actual innocence," which, if proved, would excuse his procedural default. As explained in Wadlington v. United States, 428 F.3d 779, 783 (8th Cir. 2005), cert. denied, 127 S.Ct. 1143 (2006):

> An actual innocence claim is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Schlup v. Delo, 513 U.S. 298, 315, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (quotation omitted). To establish a valid claim of actual innocence, [the habeas petitioner] must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial," and demonstrate "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 324, 327, 115 S.Ct. 851. This standard is strict; a party generally cannot demonstrate actual innocence where there is sufficient evidence to support a conviction. See Johnson v. United States, 278 F.3d 839, 844 (8th Cir.2002) (quoting McNeal v. United States, 249 F.3d 747, 749-50 (8th Cir.2001)).

_____

[10] Sobey apparently thought that his brief could not exceed 50 pages.

17

Sobey has effectively conceded that he is unable to make a showing of actual innocence, and I so find. Testimony provided by the victim of the sexual assault, Sobey's eight-year-old stepdaughter, is sufficient to support the jury's guilty verdict, and Sobey has not shown that he can refute such testimony. Sobey only alleges there is evidence that the victim had previously accused her biological father of raping her, that a criminal trial against the father in Washington resulted in a hung jury, and that the father was not retried. (See Filing 1, pp. 12, 20-21, 29, 43-44.) Even assuming that such evidence exists, and would have been admissible at trial to impeach the victim's credibility,[11] in all probability it would not have changed the outcome.

---

[11] The Nebraska Court of Appeals discussed this evidence in connection with Sobey's claim on direct appeal that he should have been granted a continuance to permit him to conduct discovery. The Court of Appeals determined that Sobey, while still represented by counsel, had conceded that the evidence was inadmissible:

> [Sobey] stated he could be ready to proceed by the trial term scheduled for November and asked for a 30 day continuance to prepare motions. He stated he needed the delay to gather out-of-state material from a previous trial in which [his wife] Debra and her daughters had accused her former husband of the same crime. From a motion in limine filed by the State, and the statements of counsel prior to September 12, 2000, it is clear that one or more of Debra's daughters claimed that Debra's former husband had sexually abused them. The former husband was tried, but not convicted. The matter took place in Washington State, and we shall refer to that matter as the Washington State evidence. Apparently, Sobey wanted to use the Washington State evidence as a defense.
>
> . . . Sobey stated he did not believe Nebraska's rape shield law kept this evidence from the jury. The State's attorney stated that this issue had been raised by a previous motion in limine filed by the State and that the parties had agreed the rape shield law did apply. (The record shows such a motion was filed by the State in both cases [filed simultaneously against Sobey in Madison County for sexually assaulting two of his stepdaughters], and the defense conceded the motion insofar as the rape shield law was concerned. After the State announced it did

*Claim 9*

For his ninth claim, Sobey alleges that his "rights to a fair trial, due process and the right to effective counsel under the 5th, 6th and 14th Amendments to the United States Constitution were denied where [he] received ineffective counsel at critical pretrial stages." (Filing 1, ¶ 22(I).) Once again, this is a claim that was not raised on direct appeal and that was found to be procedurally barred under state law. As noted by the Nebraska Court of Appeals, "the Nebraska Supreme Court has stated that 'a motion for post-conviction relief asserting ineffective assistance of trial counsel is procedurally barred where a different attorney represented a defendant on direct appeal and the alleged deficiencies in the performance of trial counsel were known or apparent from the record.'" Sobey II, 2004 WL 190289 at *4 (quoting Al-Zubaidy, 641 N.W.2d at 371). Sobey's postconviction motion claim "that the public defender was ineffective during pretrial matters" was thus barred. See id. For federal habeas purposes, it is procedurally defaulted.

_____

not intend to present evidence that Sobey was the only source of the victims' information on the alleged sexual conduct, the motion was entirely conceded by the defense.) From Sobey's statement at the time the continuance was requested, it was clear that he wanted time to further develop the Washington State evidence. . . .

. . .

. . .Sobey's statements during his colloquy with the court and the prosecutor on September 19 and 26, 2000, rather clearly disclose that he wanted more time to develop evidence which was not admissible under the order granting the State's motion in limine, an order which Sobey had conceded while represented by counsel. The record shows that the stated reason for Sobey's June 30 motion for a continuance was to discover evidence on the Washington State matter. At most, even if Sobey's oral statements should have been considered, they do not show why he was entitled to additional discovery or a continuance.

Sobey I, 2002 WL 171298 at *5, *8.

### *Claim 10*

Tenth, it is claimed that "Sobey's rights to a fair trial, due process and the effective assistance of counsel under the 5th[,] 6th and 14th Amendments of the United States Constitution were denied where court-appointed counsel failed to have Sobey evaluated for a stroke suffered 6 weeks before trial and failed to properly advise the court when Sobey suffered a second stroke during the trial while proceeding pro se[,]" and where "the court, when advised that Sobey was suffering 'stroke-like symptoms['], failed to secure medical treatment or hold a competency hearing." (Filing 1, ¶ 22(J).)  This claim is procedurally defaulted because it was not raised on direct appeal and, although discussed at some length in Sobey's motion for postconviction relief (see Transcript in A-02-1035, pp. 43-49, 71-76), was not assigned as error in his second appeal, either.

Consistent with the purpose of the exhaustion rule, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)).  Even though Sobey did not exhaust his state law remedies by including this claim in his second appeal, the claim is exhausted by procedural default.  As clearly demonstrated by the decision in Sobey II, under Nebraska law "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." State v. Lotter, 664 N.W.2d 892, 922 (Neb.2003).  Also, as a general rule, Nebraska courts "will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion. . . . The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." State v. Moore, 718 N.W.2d 537, 542 (Neb. 2006) (death penalty case holding that constitutional challenge to statutorily mandated method of execution was procedurally barred).

### *Claim 11*

Eleventh is a multi-part claim that "Sobey's rights to due process and the right to counsel under the 5th, 6th and 14th Amendments to the United States Constitution were denied where he received ineffective assistance of counsel on direct appeal from his conviction." (Filing 1, ¶ 22(K).) Sobey essentially complains that his appellate counsel failed to argue claims 1-5 and 8-10 on direct appeal.

In Sobey's motion for postconviction relief, he alleged that claims 1, 2, 3, 6, 8, and 9 were not presented on direct appeal because of ineffective assistance of counsel.[12] (See motion for postconviction relief, ¶¶ 15, 25, 30, 36, 41, and 45, found at pp. 1-88 of appeal transcript in A-02-1035.) When appealing from the denial of the motion for postconviction relief, however, it was only argued that "Sobey received ineffective assistance of appellate counsel as appellate counsel failed to assign as error the issue of the adequacy of the inquiry into the grounds for the motion to withdraw by trial counsel, thereby violating Sobey's rights under the 6th and 14th Amendments to the United States Constitution . . .." (Appellant's supplemental brief in A-02-1035, pp. 2-3.) In other words, Sobey only argued that claim 1 should have been assigned as error on direct appeal. Because of this, all other portions of Sobey's claim of ineffective assistance of appellate counsel are procedurally defaulted. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000) (an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted).

Regarding Sobey's claim of ineffective assistance of appellate counsel for failing to assign as error that the trial court failed to make an adequate inquiry into

---

[12] In his brief, Sobey concedes that in his motion for postconviction relief he "assigned appellate counsel error" only on these six claims. (See filing 26, p. 39.) Even so, he argues ineffective assistance of appellate counsel related to claim 10. (See id., p. 41.)

21

Sobey's dissatisfaction with his court-appointed counsel (i.e., claim 1), the Nebraska Court of Appeals stated as follows:

> Next, Sobey asserts that he received ineffective assistance of appellate counsel on his direct appeal.  Unlike many of Sobey's other assignments of error, this issue is not procedurally barred, as Sobey has not had any other opportunities to address the performance of his appellate counsel.  See State v. George, 264 Neb. 26, 645 N.W.2d 777 (2002).  The Nebraska Supreme Court has previously stated that "[i]f a defendant has the constitutional right to an attorney in the prosecution of an appeal, the defendant has the right to effective assistance of counsel in the appeal."  State v. Schneckloth, 235 Neb. 853, 857, 458 N.W.2d 185, 190 (1990) (citing McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988)).  Sobey claims that he did not receive effective assistance of appellate counsel because his appellate counsel failed to raise the issue of the adequacy of the trial court's inquiry into Sobey's desire to have the public defender withdraw. This is the only claim Sobey raises as to his appellate counsel's performance.

> Sobey claims that this failure by his appellate counsel deprived him of his right to effective assistance of counsel under the Sixth Amendment to the U.S. Constitution and article 1, § 11, of the Nebraska Constitution.  Further, he claims that the failure of appellate counsel to raise this issue on direct appeal deprived him of his right to due process of law under the 14th Amendment to the U .S. Constitution and article 1, § 3, of the Nebraska Constitution.  He bases his due process argument primarily on State v. Davlin, 10 Neb.App. 866, 639 N.W.2d 168 (2002) ( Davlin I ), where we found:

>> For a defendant to be required to go to trial with counsel the defendant finds unsatisfactory or to try his or her case pro se when before trial facts exist which, if the court knew of them, would show that the defense counsel had a conflict of interest, that communication between counsel and the defendant had completely broken down, or that counsel has refused upon request to take reasonable steps

22

> to present or discover evidence that would be helpful,
> would in effect be requiring the defendant to be
> represented by ineffective counsel. When a defendant is
> deprived of a pretrial opportunity to disclose any such
> shortcoming to the court, that defendant is being deprived
> of due process.

Id. at 885, 639 N.W.2d at 183. Davlin I was handed down after Sobey's
direct appeal was heard.

However, Davlin I was overruled by the Nebraska Supreme Court
in State v. Davlin, 265 Neb. 386, 658 N.W.2d 1 (2003) (hereinafter
Davlin II). Therefore, under current Nebraska case law, "the failure to
make such an inquiry [as in the present case] must be considered under
the Sixth Amendment and not as a denial of due process." Davlin II at
400, 658 N.W.2d at 12. Therefore, Sobey's due process claims fail.

We next address Sobey's claim that he was deprived of his rights
under the Sixth Amendment and under article 1, § 11, of the Nebraska
Constitution. Time and again, the Nebraska Supreme Court has stated:

> In order to sustain a claim of ineffective assistance of
> counsel as a violation of the Sixth Amendment to the U.S.
> Constitution and article I, § 11, of the Nebraska
> Constitution, a defendant must show that (1) counsel's
> performance was deficient and (2) such deficient
> performance prejudiced the defendant, that is, demonstrate
> a reasonable probability that but for counsel's deficient
> performance, the result of the proceeding would have been
> different.

State v. Harrison, 264 Neb. 727, 739, 651 N.W.2d 571, 581 (2002).
Additionally, "[t]he two prongs of this test, deficient performance and
prejudice, may be addressed in either order." Id. "If it is more
appropriate to dispose of an ineffectiveness claim due to the lack of
sufficient prejudice, that course should be followed." State v.
Soukharith, 260 Neb. 478, 484, 618 N.W.2d 409, 415 (2000).

"In order to establish prejudice resulting from an alleged deficiency in the performance of counsel, it must be shown that but for counsel's deficient performance, the result of the proceeding would have been different." State v. Al-Zubaidy, 263 Neb. 595, 603, 641 N.W.2d 362, 371 (2002). Sobey alleges that the result of his direct appeal would have been different under a due process analysis such as in Davlin I, but does not allege that the result would have been different under a Sixth Amendment analysis. As mentioned earlier, the Nebraska Supreme Court found in Davlin II that the proper way to address such a claim is solely under the Sixth Amendment. Sobey fails to allege, in either his motion for post-conviction relief or his briefs, that he would have achieved a different result on direct appeal if not for his appellate counsel's deficient performance under a Sixth Amendment analysis. Sobey is unable to show that he was prejudiced by his appellate counsel's performance. Therefore, his claim of ineffective assistance of appellate counsel is without merit.

Sobey II, 2004 WL 190289 at *5 -6.

In the interests of finality and federalism, federal courts are constrained by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") to exercise only a "limited and deferential review of underlying state court decisions." See Evenstad v. Carlson, 470 F.3d 777, 781-82 (8th Cir. 2006) (quoting Lornholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003)). The court may not grant a writ of habeas corpus with respect to any issue decided by the state courts unless the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." See id. at 782 (quoting 28 U.S.C. § 2254(d)(1)&(2)).

A state court decision is "contrary to" clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth [by the Supreme Court]" or "confronts a set of facts that are materially indistinguishable from a decision of [the

24

Supreme] Court" and nevertheless arrives at a different result. <u>Penry v.
Johnson</u>, 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001). A
decision is an "unreasonable application of" federal law if it "correctly
identifies the governing legal rule but applies it unreasonably to the facts
of a particular prisoner's case." <u>Id.</u>  Furthermore, as the Supreme Court
has clarified: "[E]ven if the federal habeas court concludes that the state
court decision applied clearly established federal law incorrectly, relief
is appropriate only if that application is also objectively unreasonable."
<u>Id.</u> at 793, 121 S.Ct. 1910.  A state court decision involves "an
unreasonable determination of the facts in light of the evidence
presented in the state court proceedings," 28 U.S.C. § 2254(d)(2), only
if it is shown that the state court's presumptively correct factual findings
do not enjoy support in the record.  28 U.S.C. § 2254(e)(1); <u>Boyd v.
Minnesota</u>, 274 F.3d 497, 501 n. 4 (8th Cir.2001).

<u>Id.</u>

The legal analysis that was undertaken by the Nebraska Court of Appeals of
Sobey's claim of ineffective assistance of appellate counsel is entirely consistent with
federal law.[13]  As summarized by the Eighth Circuit in <u>Winfield v. Roper</u>, 460 F.3d
1026, 1033 (8th Cir. 2006):

--------

[13] Although the Nebraska Court of Appeals stated that "the proper way to
address . . . a claim [of ineffective assistance of appellate counsel] is solely under the
Sixth Amendment," <u>Sobey II</u>, 2004 WL 190289 at *6, the Sixth Amendment does not
apply to appellate proceedings.  <u>See</u> <u>Martinez v. Court of Appeal of California</u>, 528
U.S. 152, 160 (2000).  However, due process entitles a criminal defendant to the
effective assistance of counsel on his first appeal as a matter of right.  <u>See</u> <u>Evitts v.
Lucey</u>, 469 U.S. 387, 396 (1985).  The standard for evaluating a claim of ineffective
assistance of appellate counsel under the Fourteenth Amendment is the same as the
standard for evaluating a claim of ineffective assistance of trial counsel under the
Sixth Amendment.  <u>See</u> <u>Smith v. Robbins</u>, 528 U.S. 259, 287 (2000) (two-prong test
enunciated in <u>Stickland v. Washington</u>, 466 U.S. 668 (1984), applies to petitioner's
claim of ineffective assistance of appellate counsel).

To be eligible for habeas relief based on ineffective assistance of counsel [the petitioner] must meet the two part test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). He must first establish that counsel's representation was constitutionally deficient, which requires a showing that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88; Wiggins v. Smith, 539 U.S. 510 (2003). If he establishes that, [the petitioner] must then show that the deficient performance prejudiced his defense. Strickland, 466 U.S. at 687. This requires proving that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been more favorable to [the petitioner]. Id. at 690-91. A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins, 539 U.S. at 534. Merely showing a conceivable effect is not enough.

The Nebraska Court of Appeals' determination that "Sobey is unable to show that he was prejudiced by his appellate counsel's performance" involves a mixed question of law and fact that is not entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). See Whitehead v. Dormire, 340 F.3d 532, 537 (8th Cir. 2003) (ineffectiveness of counsel is a mixed question of law and fact and thus on habeas review a federal court is not bound by a state court's conclusion that counsel was effective). However, "state court findings of fact made in the course of deciding an ineffectiveness claim are subject to the deference requirement of § 2254(d)." Id. (quoting Strickland, 466 U.S. at 697).

In this case, because no evidentiary hearing was conducted by the trial court on Sobey's motion for postconviction relief, the only applicable finding of fact made by the Nebraska Court of Appeals is that "Sobey fail[ed] to allege, in either his motion for post-conviction relief or his briefs, that he would have achieved a different result on direct appeal if not for his appellate counsel's deficient performance . . . ." Sobey II, 2004 WL 190289 at *6. This factual finding is not supported by the record.

26

Sobey specifically alleged in his motion for postconviction relief that "[h]ad it not been for appellate counsel's deficient performance as described above, there is a very real probability that had the above issue [i.e., 'the failure of the court to inquire into the basis of his dissatisfaction with appointed counsel'] been properly raised, the defendant's first direct appeal would have resulted in a different complexion and result." (Motion for postconviction relief, ¶ 25 (found  at p. 24 of appeal transcript in A-02-1035).)  Sobey also specifically argued in his brief submitted to the Nebraska Court of Appeals that the failure of appellate counsel to assign this error "prejudiced Sobey as reversal of his conviction would have occurred at the appellate level due to the district court's failure to make the proper inquiry . . .." (Appellant's supplemental brief  in  A-02-1035, p. 2.)   Thus, the state court's rejection of Sobey's claim of ineffective assistance of appellate counsel, as related to claim 1, was based on "an unreasonable determination of the facts."   See 28 U.S.C. § 2254(d)(2).

However, I also conclude that Sobey was not prejudiced by his appellate counsel's failure to preserve claim 1.  I reach this conclusion because the trial court was not required to inquire further into Sobey's reasons for wanting to represent himself at trial.  In other words, I find no merit to Sobey's first habeas claim.  Even though Sobey alleges that he was "forced" to proceed to trial without counsel, the record shows that Sobey himself brought about this result and that he gave the trial court no cause to consider appointment of substitute counsel.

A criminal defendant who is dissatisfied with appointed counsel must show good cause to warrant substitution of counsel, such as a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant.  Smith v. Lockhart, 923 F.2d 1314, 1320 (8th Cir. 1991). Once good cause is shown, the trial judge must appoint different counsel.  Id.  It is also the rule in this circuit that "[w]hen a defendant raises a seemingly substantial complaint about counsel, the judge 'has an obligation to inquire thoroughly into the factual basis of defendant's dissatisfaction.'"  Id. (quoting Hart, 557 F.2d at 163.)

27

See also Taylor v. Dickel, 293 F.3d 427, 429 (8th Cir. 2002) ("Where a criminal defendant alleges facts sufficient to give rise to such justifiable dissatisfaction, the district court 'has an obligation to inquire thoroughly into the factual basis of the defendant's dissatisfaction.'").

In the present case, the public defender advised the court that Sobey was dissatisfied with his performance in the first trial, and that there was disagreement regarding strategy for the upcoming trial. He also specifically told the court that Sobey desired to represent himself. Sobey confirmed this fact and disclosed that he disagreed with the public defender's concession of the State's motion in limine in the first trial. He indicated that he wanted to do more legal research and fact gathering about the criminal case in Washington brought against the victim's former stepfather, and that he was interested in pursuing a prosecutorial misconduct claim. Finally, it was revealed that Sobey and the public defender had a disagreement about allowing the State to use deposition testimony from the examining physician.

There is nothing in the record to suggest that there was any conflict of interest, irreconcilable conflict, or complete breakdown of communication between Sobey and his attorney. To the contrary, Sobey twice declined to "cast aspersions" upon Mr. Moore's legal abilities, he complimented Mr. Moore for working very hard and diligently on his behalf, and he requested that Mr. Moore continue to represent him during sentencing and on appeal in the other case. He also accepted Mr. Moore's continuing assistance as standby counsel at trial.

The only areas of disagreement between Sobey and the public defender that were made known to the trial court related to trial strategy. Disagreements of this sort do not justify appointment of substitute counsel. See United States v. Barrow, 287 F.3d 733, 738 (8th Cir. 2002) (justifiable dissatisfaction does not include a defendant's frustration with counsel who does not share defendant's tactical opinions but continues to provide zealous representation); United States v. Davidson, 195 F.3d

28

402, 407 (8th Cir. 1999) (district court was not required to inquire into possible dissatisfaction with counsel where defendant did not move for substitution of counsel and did not attempt to show irreconcilable conflict, complete breakdown of communication, or some other clear indication of insurmountable difficulties between her and counsel); United States v. Blum, 65 F.3d 1436, 1440 (8th Cir.1995) (thorough inquiry not required where defendant made only conclusory complaints in his motion for substitute counsel); United States v. Smith, 62 F.3d 1073, 1077 (8th Cir. 1995) (pre-trial hearing on motion to substitute counsel not required where defendant merely advised court that she and her attorney did not see "eye to eye" on "some issues"); Zalme v. Grammar, 665 F. Supp. 770, 772 (D.Neb. 1987) (defendant who expressed dissatisfaction with counsel related to trial strategies did not provide court with a basis for appointing substitute counsel; defendant's Sixth Amendment rights were protected where he was permitted to represent himself, after a knowing and intelligent waiver of his right to counsel, and his court-appointed attorney was designated as standby counsel).

It is also significant that the motion for withdrawal of Sobey's court-appointed counsel was made just one week before trial was scheduled to begin, and was coupled with a request for a continuance.  "Last minute requests to substitute defense counsel are not favored."  United States v. Klein, 13 F.3d 1182, 1185 (8th Cir. 1994).  Indeed, it has been held that "[a] court does not abuse its discretion by denying a request to substitute counsel if it would require a continuance." Barrow, 287 F.3d at 738.  See also United States v. Avendano-Ramirez, 242 F.3d 377 (Table), 2000 WL 1852626 *1 (8th Cir. 2000) (appointment of substitute counsel not required where motion was made immediately before trial and defendant was only shown to be dissatisfied with his attorney's assessment of the case; defendant was properly permitted to represent himself at trial with his attorney acting as standby counsel).

Even though it rejected Sobey's claim of ineffective assistance of appellate counsel, the Nebraska Court of Appeals found as a matter of law that the trial court's

alleged failure to inquire into the reasons for Sobey's dissatisfaction with appointed counsel was not a denial of due process under the Fourteenth Amendment.  See Sobey II, 2004 WL 190289 at *5 (holding that "under current Nebraska case law, 'the failure to make such an inquiry [as in the present case] must be considered under the Sixth Amendment and not as a denial of due process.") (quoting Davlin II, 658 N.W.2d at 12).  I need not decide the precise constitutional basis, if any, for the rule of law that was first articulated by the Eighth Circuit in Hart (involving the appeal of a federal criminal case).[14]  As indicated above, I simply find that Sobey was given a sufficient opportunity to explain his reasons for wanting to discharge his court-appointed attorney, and that none of the reasons he gave provided a legitimate basis for appointment of substitute counsel.  Consequently, Sobey cannot show that he was prejudiced by the failure of his appellate counsel to assert this claim.

## *Claim 12*

Sobey's twelfth claim is that his "rights to a fair trial, confrontation and due process under the 5th, 6th and 14th Amendments to the United States Constitution were denied where the court allowed the state to endorse an additional witness on the day of the trial." (Filing 1, ¶ 22(L).)  The witness, Dr. Richard Bell, provided medical testimony based on his review of a report of a physical examination of the victim that was performed by another physician who was unavailable for trial.  (As previously discussed, Sobey objected to letting the examining physician testify by deposition.)

Although Sobey complained about the endorsement of this witness on direct appeal, he objected only on state-law grounds.  The Nebraska Court of Appeals rejected the claim, stating, in part:

The rule is that a trial court, in allowing the State to endorse witnesses on an information after the trial has begun, cannot be availed of as error

---

[14]  Smith, however, was a habeas case filed by a state prisoner.

30

> where the defendant makes no showing of prejudice or does not ask for postponement of the trial.  <u>State v. Nielsen</u>, 203 Neb. 847, 280 N.W.2d 904 (1979).  Sobey did not ask for a continuance or postponement based on the motion to endorse.    Dr. Bell's testimony consisted of summarizing written evidence that another doctor had compiled.  Sobey did not object to any part of his testimony when he testified and, in fact, cross-examined him to obtain testimony that the physical examination neither confirmed nor negated penetration of M.N.'s vagina.  The evidence was not particularly helpful to either party.  We can see no prejudice in the order allowing the endorsement of Dr. Bell's name on the information.

<u>Sobey I</u>, 2002 WL 171298 at *8.  Sobey did not attempt to revisit this issue in his motion for postconviction relief or second appeal.  Thus, claim 12 is procedurally defaulted.  See the discussion of claim 3 (fair presentment requirement) and claim 10 (prohibition on successive motions for postconviction relief).

### *Claim 13*

Thirteenth, it is claimed that "Sobey's rights to a fair trial and due process under the 5th, 6th and 14th Amendments to the United States Constitution were denied where the trial court failed to completely grant Sobey's motion for disclosure regarding a key witness for the state."  (Filing 1, ¶ 22(M).)  This issue, like the witness issue involved in claim 12, was raised on Sobey's direct appeal solely as a matter of state law.  Because the witness, Marla Mazoch, did not testify at trial, the Nebraska Court of Appeals declared that the denial of Sobey's motion "could not have any bearing on the outcome of the appeal" and declined to give any consideration to the issue.  <u>Sobey I</u>, 2002 WL 171298 at *7.  Sobey did not present claim 13 to the state courts in his motion for postconviction relief or in his second appeal.  For the same reasons as claim 12, it is procedurally defaulted.

## Claim 14

For his fourteenth claim, Sobey alleges that his "rights to a fair appellate review and due process under the 6th and 14th Amendments to the United States Constitution were denied where the Nebraska Court of Appeals and the Nebraska Supreme Court misunderstood the meaning and proper use of the word 'aspersion'." (Filing 1, ¶ 22(N).)  Sobey complains that the state appellate courts misunderstood his statement to the trial court that he "cast no aspersions on anything Mr. Moore has done on [his] behalf," arguing that "[w]hen a person chooses not to case aspersions, there is a clear implication that, if he chose to, he could."  (Id., at p. 45.)

The only complaints Sobey presented in state court concerning the conduct of his first appeal concerned the alleged ineffectiveness of his appellate counsel and the failure of the Nebraska Court of Appeals to correct the alleged plain error of the trial court.  Sobey does not appear to have presented any argument to the Court of Appeals regarding his "aspersion" comment(s), and he certainly did not raise a constitutional claim about the Court's disposition of his direct appeal.  Claim 14 is thus procedurally defaulted.  Moreover, it is clearly without merit.  Even if, as Sobey contends, he could have criticized the public defender's performance but simply chose not to, the Nebraska Court of Appeals' finding that "Sobey even expressed satisfaction with his former attorney except in not presenting or attempting to present the Washington evidence," Sobey I, 2002 WL 171298 at *6, is not an "unreasonable determination" of the facts.  See 28 U.S.C. § 2254(d)(2).  As previously discussed in connection with claim 11, it was incumbent upon Sobey to alert the trial court to the alleged need for substitute counsel.

## Claim 15

Fifteenth, it is claimed that "Sobey's rights to a fair appellate review and due process under the 6th and 14th Amendments to the United States Constitution were

denied where the Nebraska appellate courts misstated the order of events in the hearing where Sobey's counsel was allowed to withdraw, resulting in Sobey going to trial without counsel." (Filing 1, ¶ 22(O).) Sobey contends that the Nebraska Court of Appeals, "in [its] opinion of 3 February, 2004 . . . [Sobey II], under the Statement of Facts," erroneously found that the public defender was granted leave to withdraw before Sobey's request for a continuance was denied. (Filing 1, at p. 47.) Even assuming that this contention is true (and somehow significant), "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir.1997) (quoting Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994)).

### Claim 16

Sixteenth, it is claimed that "Sobey's rights to a fair trial, due process and a fair and meaningful review of his postconviction claims under the 5th, 6th and 14th Amendments to the United States Constitution were denied when the state district court refused to order an evidentiary hearing to properly consider the many claims of ineffective assistance of both trial and appellate counsel rightly raised in Sobey's verified motion for postconviction relief; claims not clear from the record and requiring a hearing to prove." (Filing 1, ¶ 22(P).) I previously dismissed this claim because it only concerns the trial court's handling of the motion for postconviction relief and is not cognizable in a federal habeas proceeding. (Filing 24, at p. 4.)

### Claim 17

Seventeenth, Sobey claims that his "rights to a fair trial/sentencing, due process and the assistance of counsel under the 5th, 6th, and 14th Amendments to the United States Constitution were denied when the court used improper and bad acts for enhancement of Sobey's sentence." (Filing 1, ¶ 22(Q).) Sobey states in his brief that this claim is "abandoned" for the reasons that he "has been unable to correctly raise

33

this claim in state court because some of the events that underlie the claim did not arise until after Sobey had filed his collateral action[,]" and that "Sobey has been unable to learn enough federal law to brief on the claim." (Filing 26, at p. 47.) I thus treat the claim as withdrawn and will not consider it.

### *Claim 18*

Finally, Sobey claims that his "rights to a fair trial, due process and the effective assistance of counsel under the 5th, 6th and 14th Amendments to the United States Constitution were denied by the sheer mass of errors by the `court[s] and counsel throughout the trial, sentencing, appeal and postconviction review." (Filing 1, ¶ 22(R).) The portion of this claim concerning alleged errors on collateral review was previously dismissed. (Filing 24, at p. 4.) I now dismiss the remainder of the claim for the reason that it is merely an amalgamation of the previous 17 claims, and, as such, it fails to state a claim upon which relief can be granted.

For the reasons stated,

IT IS ORDERED that Sobey's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (filing 1), is denied.    By separate document, judgment will be entered dismissing the petition with prejudice.

March 23,  2007.                    BY THE COURT:

                                    s/ *Richard G. Kopf*
                                    United States District Judge

34